**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, NY 11201*

August 7, 2025

**BY ECF**
Honorable Kiyo A. Matsumoto
United States District Judge
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Right to Be, et al. v. Bondi, et al.*, 25-cv-3676 (KAM) (CLP)

Dear Judge Matsumoto:

Defendants respectfully submit this reply in further support of their motion to transfer to the U.S. District Court for the District of Columbia ("D.D.C."). *See* July 31 and Aug. 1 Dkt. Orders.

I. Relevant Background

As further set forth in Defendants' prior letter, ECF No. 24 ("Def. Ltr."), on May 21, 2025, a putative class action was filed in D.D.C. challenging the April 2025 termination of grants by the Department of Justice's Office of Justice Programs ("OJP"). *Vera Institute of Justice, et al. v. DOJ*, No. 25-cv-1643 (D.D.C.), ECF No. 1. The plaintiffs sought a preliminary injunction ("PI") and certification of a class comprising U.S. entities whose OJP grants were terminated in April 2025; defendants opposed the PI and moved to dismiss. ECF Nos. 2-3, 26-27. On June 26, the court presided over oral argument. *See* June 26 Minute Entry. On July 2, Plaintiffs – members of the putative *Vera* class – filed suit here. Plaintiffs pled nearly identical claims as in *Vera*. *See* Def. Ltr. 3 (comparing claims). On July 7, the court in *Vera* denied the PI motion and granted the motion to dismiss. *Vera v. DOJ*, 2025 WL 1865160, at *8 (D.D.C. July 7, 2025), appeal pending, No. 25-5248 (D.C. Cir). The next day, Plaintiffs here sought a pre-motion conference ("PMC") with respect to their PI motion. *See* ECF No. 9. On that same day, the *Vera* plaintiffs filed a notice of appeal. *Vera*, ECF No. 49. On July 23, Defendants here filed a response to Plaintiffs' PMC letter, seeking transfer to D.D.C. pursuant to 28 U.S.C. § 1404(a). *See* Def. Ltr. Plaintiffs responded on July 30. *See* ECF No. 30 ("Pl. Ltr."). Since then, the U.S. Court of Appeals for the D.C. Circuit granted the *Vera* plaintiffs' unopposed motion to expedite and denied their motion for an injunction pending appeal. No. 25-5248 (D.C. Cir. Aug. 1, 2025) (per curiam). The parties here now consent to treating their letters as the briefing on Defendants' transfer motion. ECF No. 31.

II. Plaintiffs Do Not Overcome the Weight of Multiple Reasons Supporting Transfer

Defendants noted that Plaintiffs' claims closely mirror those in *Vera*, Plaintiffs would be members of that putative class, and transfer would avoid inconsistent rulings as to the very terminations at issue here. Def. Ltr. 2, n.3. Defendants noted that, because Plaintiffs challenge decisions allegedly taken by officials based in D.C., the operative events occurred there. *Id.* 2. They argued that this action has little connection to this district and transfer would not burden Plaintiffs. *Id.* Plaintiffs responded with a number of arguments but none undermines transfer.

A. The *Vera* Case Currently on Appeal in the D.C. Circuit Strongly Favors Transfer

Plaintiffs principally argue that the Court should disregard *Vera* because that complaint has been dismissed. Pl. Ltr. 1. But this factor still strongly favors transfer. The *Vera* plaintiffs have appealed, and, to the extent the decision is reversed, it will be more efficient for the two suits to proceed in one forum. "There is a strong policy favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently, duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided." *Wyndham Assoc. v. Bintliff, A.G.*, 398 F.2d 614, 619 (2d Cir.); *see also Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent."). This is particularly so given that the terminations at issue here would be subject to adjudication in *Vera* should that class be certified. *See, e.g.*, *Vera*, ECF No. 1 ¶¶ 76-77 (alleging that class members experienced same injury, that each claim arises from the same course of events, and that class claims turn on a common question "capable of resolution in one stroke").

Even if *Vera* is affirmed, it will be more efficient for that judge – who gained familiarity with the factual and legal issues by presiding over oral argument and issuing a decision, and who continues to preside over a limited injunction pending appeal (*see* ECF No. 57) – to preside over this action. It would also avoid inconsistent results. Judge Glasser's decision in *Rabbi Jacob Joseph School v. Mendoza*, 342 F. Supp. 2d 124, 125 (E.D.N.Y. 2004), is instructive. There, the plaintiff sought to maintain a temporary restraining order entered by a state court prior to removal, while the defendant moved to transfer to a forum in which the judge in a related case had already denied an application for a PI. In granting transfer, Judge Glasser noted that the case presented legal issues that were "virtually identical to those that [the judge in the transferee forum] has already considered and decided" and explained that "[d]enial of transfer would result in duplicative actions in which two federal judges would preside over the same basic claim, wasting judicial resources, requiring the parties to unnecessarily expend more time and expense, and risking potentially inconsistent results." *Id.* at 131; *see also Savin v. CSX Corp.*, 657 F. Supp. 1210, 1214 (S.D.N.Y.1987) (interests of justice served by transfer to judge with experience in related litigation); *Delaware Tr. Co. v. Wilmington Tr., N.A.*, 534 B.R. 500, 521 (S.D.N.Y. 2015) (transferring where case "can be promptly adjudicated . . . by a judge who is intimately familiar with the facts [and] issues. . . . "); *JetBlue Airways Corp. v. Helferich Pat. Licensing, LLC*, 960 F. Supp. 2d 383, 400 (E.D.N.Y. 2013) (Weinstein, J.) (judicial economy and avoiding inconsistent results can be "decisive," even when "most [other] factors would ordinarily sustain a plaintiff's choice of forum") (citation omitted).

And while Plaintiffs highlight superficial distinctions between their claims and the *Vera* claims, Pl. Ltr. 2, none of those obviates the considerable factual similarities, near perfect overlap in legal claims, and attendant efficiencies that would arise from litigating the two cases in the same forum.[1] *See, e.g.*, *Wald v. Bank of Am. Corp.*, 856 F. Supp. 2d 545, 550 (E.D.N.Y. 2012) (Vitaliano, J.) (transferring notwithstanding "significant differences" between two actions, noting that "the interests of justice require that the cases be related, not identical") (internal quotations omitted).

B. <u>Plaintiffs' Forum Choice Is Entitled to Little Weight Given the Minimal Connection to this</u>

---

[1] In addition to overstating the differences between the two actions, Plaintiffs go so far as to incorrectly describe the *Vera* action as "unrelated" to this one. Pl. Ltr. 1. It is undisputed that Plaintiffs are members of the putative *Vera* class, that Plaintiffs challenge the termination of grants that is also challenged in *Vera*, and that the two sets of plaintiffs plead virtually the same claims against many of the same defendants. *See id.*, *see also Vera* Compl. ¶¶ 74, 82-134, ECF No. 1, ¶¶ 110-161. Indeed, Plaintiffs here allege that their specific grant terminations were part of the same April 2025 "wide-scale" indiscriminate termination of grants, ECF No. 1, ¶¶ 57-58, that is the basis for the class allegations in *Vera* and the theory of the case there, *Vera*, Compl. ¶¶ 1, 73-81. To call the two actions "unrelated" strains credulity.

District and the Lack of Inconvenience to Plaintiffs from Transfer

Plaintiffs argue that their forum choice should be given deference and the Court should presume that it is the most convenient forum for them. Pl. Ltr. 2-3. But courts place little weight on forum choice when there is minimal connection between the forum and the action. *See* Def. Ltr. 2 (collecting cases). While one of the four Plaintiffs allegedly "administers [its grant] program from Brooklyn," "provides training models from Brooklyn," and "continues to suffer ongoing harm to its reputation in Brooklyn," Pl. Ltr. 2, that does not differentiate this forum from D.C., where another Plaintiff is based and presumably conducts similar activities. *See* ECF No. 1 ¶ 11. Plaintiffs also do not dispute that they challenge decisions allegedly taken by officials based in D.C. Compl. ¶¶ 4, 12-17, 57-73.[2] D.D.C. thus has a far greater connection to the operative events than this district, and it is no less convenient for Plaintiffs, as they acknowledge. *See* Pl. Ltr. 3 ("At most, since Plaintiffs reside in Brooklyn, [D.C.], and California, this factor favors neither party.").

C. The Relative Means of the Parties Do Not Favor Transfer

Plaintiffs contend that, because Defendants have more resources, this factor "weighs against transfer" to D.C. *See* Pl. Ltr. 2-3 (citing *Flores v. U.S.*, 142 F. Supp. 3d 279, 289 (E.D.N.Y. 2015) (Weinstein, J.)). But Plaintiffs miss the point. Courts do not consider resources in the abstract but instead whether *litigating in the transferee forum* imposes added financial burdens. *See, e.g.*, *Flores*, 142 F. Supp. 3d at 290-91 (denying transfer where plaintiff had "serious medical issues" rendering travel inadvisable and "lack[ed] the means to litigate a case far from her home"); *Chan v. iSpot, Inc.*, No. 20-cv-8222, 2021 WL 2480881, at *5 (S.D.N.Y. June 17, 2021) ("relative means" factor was neutral, notwithstanding parties' financial disparity, where plaintiff "does not assert that transferring this action . . . will increase the costs of litigating this case"). Plaintiffs do not explain how litigating in D.C. rather than here would financially burden them (nor could they, given that one of them is based in D.C.). It is thus irrelevant that the federal government has greater resources.

While Plaintiffs object to having to "incur further costs to oppose Defendants' unnecessary motion to transfer," and complain that "[t]ransfer unnecessarily delays the filing and adjudication of Plaintiffs' [PI] motion and increases the risk of their grant funds being re-obligated," Pl. Ltr. 2 n.2, this does not warrant denial of transfer. These costs are not a proper consideration because they would not result from litigating in D.C.; they allegedly arise merely by litigating *this motion here*, regardless of how the Court rules.[3] And the delay in the "adjudication [of] Plaintiffs' [PI] motion," *id.*, can be attributed to their decision to file in a new forum even though the key issues were, at that time, fully briefed in *Vera*, and also to waiting 77 days—from the termination of their grants until the day after the *Vera* court denied a PI—before seeking permission to file a PI motion here. While there may have been strategic reasons for these decisions, the attendant delay does not weigh against transfer. "Courts should give diminishing deference to a Plaintiff's choice of a non-home forum to the extent that it was motivated . . . by tactical advantage[.]" *Old Ladder Litig. Co., LLC v. Investcorp Bank B.S.C.*, No. 08-cv-0876, 2008 WL 11400737, at *3 (S.D.N.Y. Oct. 8, 2008) (internal quotations omitted); *Baduria v. Sealift Holdings, Inc.*, 451 F. Supp. 3d 248, 257 (E.D.N.Y. 2020) (Brown, J.) (interests of justice favored transfer because issues already litigated in first-filed forum "should not be shuttled through this Court for an attempted end-run"). In sum, Plaintiffs' arguments do not overcome the multiple reasons supporting transfer.

---

[2] While Plaintiffs speculate that Defendants may have been "directed" to act from elsewhere, they do not suggest that such direction took place from this district. Pl. Ltr. 3. Notably, in support of this argument, Plaintiffs cited a declaration filed in the *Vera* case – further demonstrating the relatedness of these two actions. *Id.*

[3] Plaintiffs' argument that they will incur costs and delay by litigating this motion is further without merit given that, prior to raising this issue with the Court, Defendants offered to stipulate to transfer venue. Plaintiffs declined to do so.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General

ANDREW I. WARDEN
Assistant Director, Federal Programs Branch

JOHN BAILEY
Counsel to the Assistant Attorney General

s/ John Bailey
John Bailey
Counsel to the Assistant Attorney General
U.S. Department of Justice, Civil Division
950 Constitution Ave. NW
Washington, D.C. 20005
(202) 514-6993
John.Bailey@usdoj.gov
*Counsel for Defendants*

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York

s/ Kimberly A. Francis
LAYALIZA SOLOVEICHIK
ELLIOT M. SCHACHNER
KIMBERLY FRANCIS
Assistant U.S. Attorneys
(718) 254-6298/6053/6147
Layaliza.Soloveichik@usdoj.gov
Elliot.Schachner@usdoj.gov
Kimberly.Francis@usdoj.gov
*Counsel for Defendants*

cc: All Counsel of Record (By ECF)